IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Government, | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-00-520 |
| | § | |
| PORTER LEE BUSH, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Defendant, Porter Lee Bush, has submitted motions again asking this court to order that the Bureau of Prisons run his federal sentence for his felon-in-possession conviction concurrently with the sentence he later received in the state court on a burglary conviction. Bush also asks to be placed in the Federal Detention Center. (Docket Entries No. 107, 108, and 109). This court has reviewed the transcript of the January 10, 2003 proceeding in which Bush was resentenced to an 87-month prison term, based on an offense level of 20 and a criminal history category of VI. Bush asks for an order that he be given credit on this sentence for 10 months that he spent in state custody awaiting trial on a state murder charge, for which he was acquitted.

The motion is denied. The record shows that Bush was placed on bond for this federal felon-in-possession offense in September 2000. While on bond, in October 2000, he was arrested for the state offense of burglary of a habitation. He was released on bond for that offense in November 2000. Approximately a week later, he was arrested again for the state offense of delivery of a controlled substance, and his state bond was revoked. In February

2001, while still in state custody, Bush was indicted in state court for murder and burglary. On January 24, 2002, he was acquitted on the murder charge and convicted on the burglary charge. The drug charge was dismissed. Bush was sentenced on the burglary conviction to eight years in prison. The state offense is unrelated to the federal charge.

No action was taken on the federal bond based on the state charges because those offenses occurred before the commission of the federal offense. In March 2001, Bush was transferred to federal custody and his federal bond was surrendered, on his motion. He was tried in federal court in March 2001 and convicted for the federal offense of being a felon in possession of a firearm. When Bush was sentenced in federal court, he had not yet been sentenced in the state burglary case and there was no undischarged term of imprisonment for this court to consider.

Bush asks this court to order his 87-month sentence reduced by the 10 months he spent in state custody after his state bond was revoked. Bush was on federal bond during the 10-month period he was in state custody. There is no basis for granting Bush credit for the 10 months he spent in state custody because he was not in federal custody and the state offenses were unrelated to the federal offense for which he was convicted. Nor is there any basis to order the undischarged state sentence to run concurrent with the unrelated federal sentence or to order him transferred to a different federal institution. Bush's motions are denied.

SIGNED on January 5, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge